NO. 07-03-0194-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 5, 2003

_____

IN RE TIMOTHY HUSEMAN
_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

Relator Timothy Huseman seeks a writ of mandamus ordering respondent, the Honorable David Gleason, allegedly the Judge of the 47th District Court of Randall County (the trial court),[1] to act on certain motions relator asserts have been filed in Cause Number 51,363-A in the trial court. We deny the petition.

On April 29, 2003, relator filed with the clerk of this court a pleading entitled Petition for Writ of Mandamus. Relator alleges that he has previously filed various post-hearing motions relating to an Order In Suit to Modify Parent-Child Relationship and Order on Petition In Intervention for Conservatorship. He further alleges that he has written letters to respondent and to the clerk of the trial court attempting to obtain action on his post-

_____

[1]Judge Gleason is no longer judge of the 47th District Court of Randall County.

hearing motions, all to no avail. We are requested to issue a writ of mandamus directing Judge Gleason to rule on relator's motions.

In support of the petition for writ of mandamus, relator attaches unsworn, uncertified copies of some of the motions and letters he references. He does not attach copies of letters to Judge Gleason requesting setting of or action on the motions or presenting the motions to respondent for action.

When petition for writ of mandamus is made, it is the relator's burden to show entitlement to the relief being requested. See generally Johnson v. Fourth District Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). Relator must file with the petition a certified sworn copy of every document that is material to relator's claim for relief and that was filed in any underlying proceeding, and a properly authenticated transcript of any relevant testimony from any underlying proceeding including any exhibits offered in evidence or a statement that no testimony was adduced in connection with the matter complained of. TEX. R. APP. P. 52.7(a).

Relator's petition contains only allegations. Certified, sworn copies of the motions and correspondence referenced in the petition are not attached or furnished. Relator has not presented a record which shows entitlement to the relief sought, or upon which we are authorized to act.

The petition for writ of mandamus is denied.

Phil Johnson
Chief Justice